RECEIVED

OCT – 9 2016

DEBORAH S. HUNT, Clerk

No. 16-1330

IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

ERIC DEXTER WELCH,

*Appellant,*

v.

STATE OF MICHIGAN,

*Appellee.*

---

On Appeal from the United States District Court

For the Western District of Michigan

Robert Holmes Bell, *District Judge*

No. 2:14-cv-243

---

**Petition for Panel Rehearing**

---

ERIC D. WELCH, *pro se*
USM # 10444-089
P.O. Box 1000
Marion, IL  62959

Prepared by:
William Coustin, Jailhouse Lawyer
USM # 57217-019
USP – Marion
P.O. Box 1000
Marion, IL  62959

# Table of Contents

A.  STANDARD OF REVIEW .......................................................................................... 1

B.  ENUMERATION OF ERRORS.................................................................................... 2

  1.  WHAT DO THE PRO SE LETTERS SAY?........................................................................ 2
  2.  DOES IT MATTER HOW THE CLERK FILED THE LETTERS?..................................................... 6
  3.  DID THE DISTRICT COURT INTERPRET THE LETTERS FAIRLY? ............................................. 8

## CASES

*Carney v. Jefferson County Fiscal Court*, 53 Fed. App'x 343 (6th Cir. 2002) ---------------------- 11

*Castro v. United States*, 540 U.S. 375 (2003) ----------------------------------------------------------6

*Conley v. Gibson*, 355 U.S. 41 (1957) ---------------------------------------------------------------- 13

*Duncan v. Walker*, 533 U.S. 167 (2001)----------------------------------------------------------------7

*Haines v. Kerner*, 404 U.S. 519 (1972)---------------------------------------------------------- 7, 11

*In re Shelton*, 295 F.3d 620 (6th Cir. 2002)----------------------------------------------------------6

*Johnson v. United States*, 457 Fed. Appx 462, 466-67 (6th Cr. 2012)-----------------------------------7

*Miller v. Collins*, 305 F.3d 491, 493 (6th Cir. 2002) ---------------------------------------------- 10

*Miller-El v. Cockrell*, 537 U.S. 322, 33 (2003)---------------------------------------------------------1

*Portley-El v. Brill*, 2010 U.S. App. LEXIS 10864 (10th Cir. 2010) -----------------------------------4

*Shearer v. Morgan County Circuit Court*, 2005 U.S. Dist. LEXIS 20435 (E.D. Ky. Sept. 19,
  2005)----------------------------------------------------------------------------------------------- 12

*Sueing v. Palmer*, 503 Fed. Appx. 354 (6th Cir. 2012) ----------------------------------------------9

*Turker v. Ohio Dep't. of Rehabilitation and Corrections*, 157 F.3d 453 (6th Cir. 1998) ---------- 13

*United States v. Field*, 756 F.3d 911 (6th Cir. 2014) -------------------------------------------------- 11

*Walker v. Mich. Dep't. of Corr.* 128 Fed. Appx. 441 (6th Cir. 2005) (citing *Haines* 404 U.S. at
  520-21) ------------------------------------------------------------------------------------------------ 14

*Wilson v. United States*, 969 F.Supp 1054 (E.D. Mich., 1997) -------------------------------------- 12

## STATUTES

28 U.S.C. § 1746------------------------------------------------------------------------------------- 12

28 U.S.C. § 2254-----------------------------------------------------------------------------------------1

## OTHER AUTHORITIES

21 Am Jur 2d, Criminal Law §§484 et. seq --------------------------------------------------------5

25 L Ed 2d 1025, Validity of Guilty Pleas §§3-5 --------------------------------------------------5

Austin J. Freeley and David L. Steinberg, "*Argumentation and Debate: Critical Thinking for
Reasoned Decision Making*," Chapter 12 --------------------------------------------------------- 15

## RULES

Fed. R. App. Pro. 22(a)(2)----------------------------------------------------------------------------1

Fed. R. Civ. Pro. 60(b) ------------------------------------------------------------------------------- 11

Rules Governing Section 2254 cases ----------------------------------------------------------------3

## BACKGROUND

On September 16, 2016, via unpublished order, this Court denied Eric D.

Welch a Certificate of Appealability ("COA"), over the Western District of

Michigan's denial of his 28 U.S.C. § 2254 petition alleging that his guilty and nolo

contendre pleas were breached by the state's referring his case "the federal

government for prosecution" after agreeing not to do so. [Appeal Order at 1-2].

## ARGUMENT IN SUPPORT OF PANEL REHEARING

### A.    Standard of Review

A petition for rehearing is appropriate when the Court has "overlooked or

misapprehended" any "point of law or fact" raised in the original briefing. Fed. R.

App. Pro. 40(a)(2).

Because this case is before the court on the denial of a certificate of

appealability in a § 2254 proceeding in which no hearing was held, an

exceptionally low bar exists for Mr. Welch to clear. A COA must issue if any

reasonable judge might find it "debatable" that Mr. Welch satisfied the "relatively

light" burden of showing that his claims deserved an evidentiary hearing. A mere

belief that a merits panel would rule against the petitioner is not a ground to deny a

COA. *Miller-El v. Cockrell*, 537 U.S. 322, 33 (2003) ("[A] COA does not require a

showing that the appeal will succeed....[The COA process] would mean very little

- 1 -

if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail.").

B.    Enumeration of Errors

For the reasons that follow, and with all due respect, this Court's order rests upon error in *definition* of fact causing an erroneous legal conclusion.

1.    What Do the Pro Se Letters Say?

Does a cry for help appear anywhere in them? The author of those letters, whose state-court plea was violated by the State of Michigan says yes, but, the district court says no. The *stasis* of the controversy is one of definition (the fair interpretation of the *pro se* letters.) Essentially, the single-judge order denying a COA agreed that if there was "intent to seek relief under Section 2254" in the letters, or the letters proceeded beyond providing "background information," then relief was warranted. [Order at 3-4].

On the one hand, the single-judge order relies on a legal conclusion by the district court to say the letters and supplemental filings did not represent – in any way – a request for post-conviction help. Also, the *pro se* office reviewing Mr. Welch's COA request implies that it is *how the clerk filed the letters* to say they did not toll the statue of limitations. [Order at 4] ("Because the letters were filed

- 2 -

[by the clerk] in Welch's federal criminal case [they] cannot be construed as seeking state post-conviction relief, they do not toll the statute of limitations[1].")

On the other hand, the first letter (and its near-carbon-copy filed one day later) opens by asking that the federal court not only consider the federal case, but also "extend this kind consideration to 'The State of Michigan vs. Eric Dexter Welch';" and the third letter ends by begging that the federal court "dismiss this case," for the plea violation. [2:10-cr-8, R.48 at ID#121; and R.50 at ID#142]. Welch argued this and other relevant facts in the letters in his Motion to Vacate. [2:14-cv-243; R.21(19), Brief in Support at 5-9]. So, we have different ways of arguing the definition of the letters, which matter because the resolution depends on fair interpretation, and relief is granted in at least one of them.

After all, if the issue is that Welch included both federal case and state-case claims, then the Rules (and case law) Governing Section 2254 cases also favor a COA. For a couple of reasons, all that Rule 3(d) indicates is that a "paper" be filed by an inmate. In ensuring federal review, what normally occurs in cases like here, under Rule 2(e), a petitioner seeking relief from judgments of more than one court must file a separate petition covering the judgment or judgment of each court. So, for example – like at bar – when a petitioner files a "combined" paper, he is to be

---

[1] This despite the fact the letters are uncaptioned, and encompass both state and federal cases.

given reasonable opportunity to submit a "clear amended complaint." *Portley-El v.*
*Brill*, 2010 U.S. App. LEXIS 10864 (10ᵗʰ Cir. 2010). Instead, the district court at
bar entirely ignored the relevant facts in the letters Welch filed, and the single-
judge COA denial (at bar on rehearing)went along for the ride.

Because the letters DO contain a cry for state-issue help (e.g. a violated
state-court plea agreement), intermingled with other matters (both meritorious
federal claims for a new trial, and frivolous claims as well), then they do "count"
for equitable tolling. Under authority interpreting Rule 2(e), barring federal review
because of a mixed paper filing is unheard of.

The *pro* se office's order can only complain that Welch "managed to file a
state post-conviction motion and this habeas corpus petition while housed in
federal prison," and make the leap to doubt his credence by ignoring the relevance
of the following: (1) He actually wrote a letter motion asking for counsel to the
state court, who then directed Welch to file a post-conviction motion, pointing him
in the right direction as dictated by *Castro* [2:13-cv-243, R.9 at 5]; and (2) the
federal habeas corpus petition referenced was actually *amending the letters and
was later amended again for insufficiency*. [Compare the Appeal Order at 5, with
the information that follows].

Probably helpful is to distill the relevant matters from the letters into a one-
paragraph version that is faithful to the original:

... 

Dear Judge So-and-So,

I am in federal prison right now because the State of Michigan violated our plea agreement[2]. I want you to "extend consideration[3]" to both the federal case <u>and</u> to "the State of Michigan vs. Eric Dexter Welch.[3]" In extending consideration, I want you to "dismiss this case[4]." All because the "plea violation[2]" is unfair, a due process violation, unjust, is cruel and unusual punishment, and is not what I agreed to in the state-court plea agreement "promising no federal prosecution[5]." By the way, I can offer an affidavit from Judge Wisti and from an additional witness[6] to verify my claim as true and correct.

Thank you,
Everything I say is truthful.

Eric D. Welch

Now, violating a plea agreement is a fact alleged sufficient to warrant a

federal habeas claim[7]. It is both a due process violation, as well as an ineffective

assistance of counsel claim if the attorney knew, or should have known about the

promises and violation. THAT complaint appeared *everywhere* in the letters

written to the federal court, encompassing the state-court plea violation, too. [*Id.* at

R.48-50, *passim*]. And, the November 2010 letters were written eight months after

---

[2] 2254 below, adopting letters in 2:10-cr-8, R.48 at ID#122-3; R.49 at ID#127-8.

[3] 2254 below, adopting letters in 2:10-cr-8, R.48 at ID#121; R.49 at ID#126.

[4] 2254 below, adopting letters in 2:10-cr-8, R.48 at ID#123; R.49 at ID#128; R.50 at ID#142.

[5] 2254 below, adopting letters in 2:10-cr-8, R.48 at ID#122; R.49 at ID#127.

[6] These affidavits appear in the state-court post-conviction filings adopted by reference into the 2254 filings in the district court.

[7] See 25 L Ed 2d 1025, Validity of Guilty Pleas §§3-5; See also 21 Am Jur 2d, Criminal Law §§484 et. seq.

– as this court acknowledges – the March 2010 plea violation became cognizable. [Order at 3; see also 2:14-cv-243, R.16:Order accepting March 11, 2011]. Reasonable jurists could debate a plea violation as a valid 2254 claim mentioned in the *pro se* letter filings warranting a COA.

## 2. Does It Matter How the Clerk Filed the Letters?

No. But, the single-judge order implies that how the clerk filed the letters "in Welch's federal criminal case" is somehow relevant. The clerk could have filed it under a new civil number, too. What matters is, in an issue of definition Mr. Welch asked to "dismiss this case," "extending consideration" to both the federal and state case (the "State of Michigan vs. Eric Dexter Welch.") Therefore, the district court was under obligation – so Welch argued below – to dismiss the filing without prejudice and allow him to re-file formally, and to advise him of the consequences for not doing so since he did not know what he was doing, or why the plea was violated. See *Castro v. United States*, 540 U.S. 375 (2003) (Holding that the federal district court is required to provide opportunity for an inmate to withdraw or amend a motion, and the district court is required to notify the litigant of any intended re-characterization and its consequences.) See also, *In re Shelton*, 295 F.3d 620 (6th Cir. 2002).

In other words, reasonable jurists could conclude a COA is warranted because discounting the letters out of hand runs afoul of the law of *Castro* and the law of this Court. Ironically, the Supreme Court authority cited in the order may favor a COA instead of lobbying against one. In *Duncan v. Walker*, 533 U.S. 167 (2001), Justice Souter and Stevens joined, concurring with the majority that nothing bars a district court from retaining jurisdiction pending complete exhaustion of state remedies; and, that a claim for equitable tolling could present a serious issue on facts.

Mr. Welch further submits that this Court's precedent supports a COA, rather than undermines it. See *Johnson v. United States.* 457 F. App'x 462, 466-67 (6th Cir. 2012). The single-judge COA denial at bar does not mention that (quite unlike Mr. Welch's case), Mr. Johnson tried to file a notice of appeal after his own attorney dropped the ball. He THEN tried to file a 2255, but where both filings were out of time.

By contrast, Welch DID file his letters in plenty of time with the district court[8], during the tolling period, regardless of how the clerk filed them, and despite the fact that the district court did not act on them under *Castro*, *Shelton*, nor *Haines v. Kerner*, 404 U.S. 519 (1972). You see, under *Haines*, reasonable jurists could

---

[8] In November of 2010, eight months after the March 2010 plea violation was executed upon him by the surprise arrest.

- 7 -

conclude that unless the district court could prove "beyond doubt" that Welch

"could prove no set of facts that could entitle him to relief" then he was entitled to

"an opportunity to offer proof." [Appeal Doc.#10, Appellant Welch's Motion for a

COA; see also 2:13-cv-243, R.21: Brief in Support of Motion to Vacate].

## 3.    Did the District Court Interpret the Letters Fairly?

Reasonable jurists would debate asking if the court below – and the single-

judge order adopting the legal conclusion wholesale – followed the objective

standards of *pro se* interpretation. [2:13-CV-243, R.18-21: Motion to Vacate]. A

state-court plea violation, due process, cruel and unusual punishment all allege

sufficient facts and constitutional issues as a ground for any *pro se* litigant's first

filing under Rule 2 and 3.

The single-judge COA denial at bar belabors that because "Welch managed

to file a state post-conviction motion and this untimely habeas corpus petition

while housed in federal prison," then it can conclude these things lend "little

credence to his equitable tolling argument." [Order at 5]. The order can only say

that by re-defining the November 2010 letters differently than Welch – the author

of those letters – did; and by not following the law on *pro se* interpretation. The

standard forces the district court to prove "beyond doubt" that Welch "could prove

- 8 -

no set of facts that could entitle him to relief" then he was entitled to "an opportunity to offer proof." *Haines/Conley*.

Apart from the "how they were filed" argument, favoring formalistic legalism over liberal construction may not only violate common sense, but actually lobbies in favor of a COA. Reasonable jurists would debate reliance on carefully worded proceduralism. Is a formalistic filing "failure" (trumping access to federal review) the *sine qua non* to submit everything in a federal court, regardless of whether the *pro se* prisoner has an ongoing, separate federal case or not?

According to the law of this Court, the answer is no. In *Sueing v. Palmer*, 503 Fed. Appx. 354 (6th Cir. 2012), the court faced another post-conviction letter-writing scenario for a defendant in Michigan (convicted for indecent exposure). Since nothing indicated *Sueing* tried to show to the district court that his claims were not plainly without merit, and that he had not engaged in abusive litigation tactics or intentional delay, the case turned on the treatment of the letter, sent during the limitations period [of his 2254]. The letter specifically referred to claims the district court knew about, just like at bar. In *Sueing*, this Court decided that "rather than bar Petitioner from all federal habeas review" the district court should have construed the timely-filed letter in favor of preserving it. *Sueing,* 503 Fed. Appx. 357-58.

Case: 16-1330   Document: 17   Filed: 10/03/2016   Page: 12

At bar, the district court time and again mentioned Welch's complaint that his state-court plea was violated. It also noted that Welch mischaracterized the plea violation as causing "double jeopardy," instead of the more-precise word language of a due process violation. Notwithstanding Mr. Welch's inexact word choice, the district court cannot say they did not know about the plea violation, nor that they did not hear Mr. Welch ask to "dismiss this case" by "extending consideration" to the "State of Michigan vs. Eric Dexter Welch" (a mere eight months after the impediment to timely filing was removed.) [Order at 3; see also 2:14-cv-243, R.16: Order accepting March 11, 2011].

This Court should apply the law relied upon in *Sueing*. Reasonable jurists could find ruling against the letter's (requested by the author) nature is "erroneous as a matter of law." *Sueing* at 357, citing to *Miller v. Collins*, 305 F.3d 491, 493 (6th Cir. 2002) (adopting *de novo* review of legal conclusions). Faced with constitutional-level facts for at least one ground, the district court should have "construed the letter as a new habeas petition filed within the limitations period." *Id.*, again, citing to *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The letter specifically referred to claims which stated facts supporting those grounds, and stated the relief requested, "as required by Rule 2 of the Rules Governing Section 2254 Cases." *Id.* citing to *Johnson v. United States*. 457 F. App'x 462, 466-67 (6th Cir. 2012).

- 10 -

Reasonable jurists could find the order's reliance on *Johnson* unavailing. The defendant in *Johnson* offered no facts to support a ground for relief, and asked only about the deadline for filing a § 2255 (not a § 2254). *Johnson v. United States*. 457 F. App'x 462, 466-67 (6ᵗʰ Cir. 2012). At bar, Welch asked to dismiss the two cases, asked for a hearing, and averred the state violated his plea agreement. What happens to the resolution of the argument if Mr. Welch is correct in his interpretation of his own letters? He gets 2254 relief at most, and a COA at the very least.

When Steven Carney wrote a single *pro se* letter asking to "re-open his case," the district court (1) applied *Haines v. Kerner*, 404 U.S. 519 (1972), and let the man be heard by taking evidence in either a hearing or amended filings; and (2) the court ultimately acted on the one-line request as a motion under Fed. R. Civ. Pro. 60(b). *Carney v. Jefferson County Fiscal Court*, 53 Fed. App'x 343 (6ᵗʰ Cir. 2002).

When Stacy Field wrote a single *pro se* letter asking that the court "expunge her record of arrest," the district court (1) applied *Haines v. Kerner*, and let her be heard, taking evidence in amended filings with the assistance of newly appointed counsel; and (2) the court acted on the simple request as a "motion to expunge" which *began* with her letter, and ended only after granting her the opportunity to plea her facts. *United States v. Field*, 756 F.3d 911 (6ᵗʰ Cir. 2014).

- 11 -

When inmate Kevin Wilson wrote a single *pro se* letter to the court, informing them that he "totally forgot" to request that his federal sentence run concurrently with his state sentence, the district court (1) looked past all the frivolous arguments in his letter, and applies *Haines v. Kerner*, and let the man be heard, by (2) acting on the one-line request (buried in his letter) by construing it as a 2255. *Wilson v. United States*, 969 F.Supp 1054 (E.D. Mich., 1997).

When inmate Miquel Shearer wrote a single *pro se* letter asking about obtaining records, he also mentioned that his mail was being opened by correctional staff. The district court (1) applied *Haines v. Kerner* and let the man be heard, by (2) looking past the frivolous complaints and took the *initial* steps by allowing a § 1983 action to commence (which necessarily included pleading additional facts in the formal manner.) *Shearer v. Morgan County Circuit Court*, 2005 U.S. Dist. LEXIS 20435 (E.D. Ky. Sept. 19, 2005).

At bar, inmate Eric Welch wrote several *pro se* letters and filed post-conviction matters in the state as outlined in his 2254 and COA motions below. The initial letters asked to (a) "dismiss this case," (b) asked for a hearing "to present...in person," and (c) asserted the state-court plea (as witnessed by a judge and an additional witness) was violated by state actors. [2:10-cr-08, R. 48-50: Letters, *passim*]. The district court played the "see no evil, hear no evil, speak no

- 12 -

evil" monkey-shines game around Supreme Court precedents of *Haines v. Kerner* and *Conley v. Gibson*, 355 U.S. 41 (1957).

So, the question naturally arises: if Steven Carney's single *pro se* letter carried within it a line asking to "re-open his case" (and the district court permitted HIM a formal forum to amend facts), then why did the district court at bar not apply the rule for *pro se* pleadings to the facts of Mr. Welch's one-line request to "dismiss this case," after complaining about the state-court plea violation?

Since, if Stacy Fields' one-liner to "expunge her record of arrest," and if Kevin Wilson's complaint that he "totally forgot" to request a concurrent sentence, and Miquel Shearer's inadvertent mentioning that prison officials were impermissibly reading his mail, each triggered a *Haines/Conley* level of proof....then the burden is on the State of Michigan to prove – beyond doubt – that Welch "could prove no set of facts in support of his claim which would entitle him to relief." [App. Doc. #7:Appellant's *pro se* Brief at 2]. Review for short-changing the whole formal pleading process is *de novo*, for *Haines/Conley* error for denial for failure to state a claim upon which relief could be granted. *Turker v. Ohio Dep't. of Rehabilitation and Corrections*, 157 F.3d 453 (6th Cir. 1998) (Review of a district court dismissal for failure to state a claim is *de novo* applying the *Haines* standard to *pro se* pleadings); and will affirm a dismissal only if it is "beyond doubt" that Mr. Welch could prove no set of facts which would support a grant of

relief. *Walker v. Mich. Dep't. of Corr.* 128 Fed. Appx. 441 (6th Cir. 2005) (citing *Haines* 404 U.S. at 520-21).

## CONCLUSION

For one, two, or all three reasons, a reasonable jurist could find Mr. Welch's claims were not so "patently frivolous," or "wholly incredible" to not warrant a hearing. A COA should issue to squarely address the facts alleged in the letter of the plea violation. The complaint has sufficient evidence to permit equitable tolling and fair treatment under *Castro*, *Haines*, *Conley*, and *Rhines v. Weber*. Reasonable jurists could conclude equitable tolling should not be needed at all, where the *pro se* letters were timely. In fact, equitable tolling may apply or need to apply where the district court delayed ruling on them. Reasonable jurists could also find the decision based on clearly erroneous fact finding, Mr. Welch asked to dismiss the case by extending consideration to it where the state post-conviction claims of a violated plea are clearly there.

Mr. Welch has met his burden of proof for resolving the issue of definition of the letters, and therefore the burden for a COA. Providing a satisfactory answer as to the interpretation of the letters is relevant to equitable tolling, among other 2254 reasons. The definition is fair and relies on both his authorship, and the objective standards of interpretation. See Austin J. Freeley and David L. Steinberg,

- 14 -

"*Argumentation and Debate: Critical Thinking for Reasoned Decision Making,*"

Chapter 12.

The single-judge denial of a COA is clearly erroneous in the definition of

fact, causing an erroneous legal conclusion. As in *Sueing*, the equitable tolling of

the matter turns on the content of the letters, and should be interpreted the way the

author and the *pro se* standards of interpretation direct us.

September 29, 2016
Date Executed

Under penalty of perjury pursuant to 28 U.S.C. §
1746, I declare that the foregoing is true and
correct. Further, that it has been deposited this
day in the institution's internal mail system
designed for legal mail, United States Postal
Service, first-class postage prepaid.

/s/ Eric Welch

Eric D. Welch, *pro se*
USM # 10444-089
P.O. Box 1000
Marion, IL 62959

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed via United States Postal
Service, first-class postage prepaid, upon the following:

Michigan Attorney General
525 W. Ottawa St.
Lansing, MI 48933

/s/ Eric Welch

Eric D. Welch

## Certificate of Compliance with Rule 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 40 and 32
for length (15 pages of substance), and the typeface requirements of Fed. R. App.
P. 32(a)(5) and type style requirements of Fed. R. App. P. 32(a)(6) because it has
been prepared in a proportionally spaced typeface using Microsoft Word in 14
point, Times New Roman.

Eric D. Welch
10444-089
US Penitentiary
P.O. Box 1000
Marion, IL 62959




◁▷ 10444-089 ◁▷
United States Court Appeal
Case Manager: Louise Schworber
100 E 5TH ST
Suite 540
Cincinnati, OH 45202
United States

United States Court of Appeals
Case Manager: Louise Schworber
100 E 5th Street
Suite 540
Cincinnati, OH 45202

Legal Mail



Warden
United States Penitentiary
Marion, IL 62959
Date  SEP 2 9 2016

The enclosed letter was processed through
special mailing procedures for forwarding to you.
This letter has neither been opened nor inspected.
If the writer raises a question or problem over
which this facility has jurisdiction,
you may wish to return the material for
further information on clarification.
If the writer encloses correspondence for
forwarding to another addressee, please return
to enclosure to the above address.

